UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JOSE MAGDALENO<br><br>Defendant. | Case No.:  18cr458-LAB and 20cv1225-LAB<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255** |
|---|---|

Defendant Jose Magdaleno pled guilty to possession of a firearm in connection with a drug trafficking crime. All other counts, including the predicate crime of possession of methamphetamine with intent to distribute, were dismissed. On August 15, 2018, the Court sentenced him to 90 months' imprisonment, followed by five years' supervised release.

By a motion under 28 U.S.C. § 2255, Magdaleno now challenges his conviction, arguing that *United States v. Davis*, 139 S. Ct. 2319 (2019) applies retroactively. The Ninth Circuit has never held that *Davis* applies retroactively, though other circuits have.  See *Summerise v. United States*, 2020 WL 3257390, slip op. at *2 (E.D. Cal., June 16, 2020) (citing cases). The Court assumes, *arguendo,* that it does. The Court also assumes Magdaleno filed his motion on its

signature date of June 23, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), so as to bring it within the one-year limitations period as to any claims arising from *Davis*. *See* § 2255 (f)(3).

*Davis* does not apply here, and does not afford Magdaleno any relief. *Davis* extended *Johnson v. United States*, 135 S. Ct. 2551 (2015) to hold that the residual clause of 18 U.S.C. § 924(c), which deals with crimes of violence, is unconstitutionally vague. *See United States v. Myers*, 786 Fed. App'x 161, 162 (10th Cir. 2019) (holding that *Davis* dealt only with the residual clause). But Magdaleno pled guilty to a drug trafficking offense and was sentenced under the "drug trafficking crime" clause. "The Supreme Court has never declared the statutory phrase 'drug trafficking crime' to be unconstitutionally vague." *United States v. Holt*, 2020 WL 292201, slip op. at *9 (S.D. Oh., Jan. 21, 2020). *See also United States v. Price*, 2020 WL 516357, slip op. at *1 (W.D. Pa., Jan. 23, 2020) ("[T]he Supreme Court has never declared § 924(c)(2)'s definition of a 'drug trafficking crime' to be unconstitutional, let alone applied such a holding retroactively . . . .")

Magdaleno also raises several other claims that do not arise under *Davis*, and which are time barred. And in any event, they lack merit.  He argues that only a drug trafficking offense which he was convicted of can serve as a predicate offense. Because he admitted committing the predicate offense (*see* Docket no. 68 at 3 (plea agreement)), this is clearly wrong. *See United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989). Citing the now-superseded *Bailey v. United States*, 516 U.S. 137 (1995), he also argues that although he possessed the firearm, he did not actually use it in connection with the drug trafficking offense. But the offense he pled guilty to[1] requires only possession, not use. *Welsh v.*

---

[1] Magdaleno committed the offense in 2017, well after the statute had been amended to include mere possession, in the so-called "*Bailey* fix," as discussed in

2

*United* States, 136 S. Ct. 1257, 1267 (2016) (citing *United States v. O'Brien*, 560 U.S. 218, 232–33 (2010)).

The motion and record conclusively show Magdaleno is entitled to no relief. *See* § 2255(b). The motion is **DENIED**, and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

Dated: July 8, 2020

*[signature]*
Honorable Larry Alan Burns
Chief United States District Judge

---

*O'Brien*, 560 U.S. at 232–33.